UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN ZAYAS, Individually and on behalf of All Others Similarly Situated,<br><br>                    *Plaintiff,*<br>    -against-<br><br>535 HUDSON REALTY LLC and RPB PARTNERS LLC,<br><br>                    *Defendants.* | Case No.: 1:18-cv-03879-KBF<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF 535 HUDSON REALTY LLC** |

        Defendant 535 Hudson Realty LLC ("**Defendant**"), by its attorneys, Cervini Swanson LLP, for its Answer and Affirmative Defenses to the Complaint (the "**Complaint**") herein alleges as follows:

        1.        Defendant denies each and every allegation contained in Paragraph 1 of the Complaint.

        2.        The allegation contained in Paragraph 2 of the Complaint merely sets forth the nature of Plaintiff's claims and requires no substantive response.

        3.        The allegation contained in Paragraph 3 of the Complaint merely sets forth the nature of Plaintiff's claims and requires no substantive response.

        4.        The allegation contained in Paragraph 4 of the Complaint sets forth a legal conclusion and requires no substantive response.

        5.        The allegation contained in Paragraph 5 of the Complaint sets forth a legal conclusion and requires no substantive response.

        6.        The allegation contained in Paragraph 6 of the Complaint sets forth a legal conclusion and requires no substantive response.

7.     The allegation contained in Paragraph 7 of the Complaint sets forth a legal conclusion and requires no substantive response.

8.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

9.     Admit.

10.    Defendant denies each and every allegation contained in Paragraph 10 of the Complaint, except admits that Defendant is the owner of the property located at 535 Hudson Street, New York, New York.

11.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint.

12.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint.

13.    The allegation contained in Paragraph 13 of the Complaint merely sets forth the nature of Plaintiff's claims and requires no substantive response.

14.    Defendant denies each and every allegation contained in Paragraph 14 of the Complaint.

15.    No substantive response is required to Paragraph 16.

16.    The allegation contained in Paragraph 16 of the Complaint sets forth a general statement relating to the United States Census and requires no substantive response.

17.    The allegation contained in Paragraph 17 of the Complaint sets forth a general statement and requires no substantive response.

18. The allegation contained in Paragraph 18 of the Complaint sets forth a legal conclusion and requires no substantive response.

19. The allegation contained in Paragraph 19 of the Complaint sets forth a legal conclusion and requires no substantive response.

20. The allegation contained in Paragraph 20 of the Complaint sets forth a legal conclusion and requires no substantive response.

21. The allegation contained in Paragraph 21 of the Complaint sets forth a legal conclusion and requires no substantive response.

22. The allegation contained in Paragraph 22 of the Complaint sets forth a legal conclusion and requires no substantive response.

23. The allegation contained in Paragraph 23 of the Complaint sets forth a legal conclusion and requires no substantive response.

24. The allegation contained in Paragraph 24 of the Complaint sets forth a legal conclusion and requires no substantive response.

25. The allegation contained in Paragraph 25 of the Complaint sets forth a legal conclusion and requires no substantive response.

26. The allegation contained in Paragraph 26 of the Complaint sets forth a legal conclusion and requires no substantive response.

27. The allegation contained in Paragraph 27 of the Complaint sets forth a legal conclusion and requires no substantive response.

28. The allegation contained in Paragraph 28 of the Complaint sets forth a legal conclusion and requires no substantive response.

29. The allegation contained in Paragraph 29 of the Complaint sets forth a legal conclusion and requires no substantive response.

30. The allegation contained in Paragraph 30 of the Complaint sets forth a legal conclusion and requires no substantive response.

31. The allegation contained in Paragraph 31 of the Complaint sets forth a legal conclusion and requires no substantive response.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint.

33. Defendant denies each and every allegation contained in Paragraph 34 of the Complaint, except admits that Defendant is the owner of the property located at 535 Hudson Street, New York, New York.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38(a) through (q) of the Complaint.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies each and every allegation contained in Paragraph 40 of the Complaint.

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies each and every allegation contained in Paragraph 42 of the Complaint.

43.     Defendant denies each and every allegation contained in Paragraph 43 of the Complaint.

44.     Defendant denies each and every allegation contained in Paragraphs 44 through 65 of the First Cause of Action of the Complaint.

45.     Defendant denies each and every allegation contained in Paragraphs 66 through 74 of the Second Cause of Action of the Complaint.

46.     Defendant denies each and every allegation contained in Paragraphs 75 through 79 of the Third Cause of Action of the Complaint.

47.     Defendant denies each and every allegation contained in Paragraphs 80 through 87 of the Fourth Cause of Action of the Complaint.

48.     Defendant denies each and every allegation contained in Paragraphs 88 through 96 of the Fifth Cause of Action of the Complaint.

49.     Defendant denies each and every allegation contained in Paragraphs 97 through 98 of the Sixth Cause of Action of the Complaint.

## Affirmative Defenses

### First Affirmative Defense

50.    The Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense

51.    Plaintiff lacks standing to bring the claims in the Complaint.

### Third Affirmative Defense

52.    The premises comply with the requirements of the Americans With Disabilities Act, as well as all applicable state and city laws.

### Fourth Affirmative Defense

53.    Defendant did not breach any duty owed to the Plaintiff, and had no actual or constructive notice that the premises is not accessible to the disabled.

### Fifth Affirmative Defense

54.    The modifications alleged in the Complaint would create an undue burden and/or undue hardship.

### Sixth Affirmative Defense

55.    The modifications alleged in the Complaint are not readily achievable.

### Seventh Affirmative Defense

56.    The modifications alleged in the Complaint would "fundamentally alter" the goods, services, or operations of the premises.

### Eighth Affirmative Defense

57. No architectural barriers exist at the premises which prevent or restrict access to Plaintiff.

### Ninth Affirmative Defense

58. The premises has provided reasonable accommodations in the premises which comply with the requirements of the Americans With Disabilities Act, as well as all applicable state and city laws.

### Tenth Affirmative Defense

59. The Complaint is barred by the doctrine of unclean hands.

### Eleventh Affirmative Defense

60. The barriers to access at the premises set forth by Plaintiff in the Complaint lack merit and have no basis in fact or law.

### Twelfth Affirmative Defense

61. Any alleged damage to Plaintiff are the responsibility of parties other than Defendant.

### Thirteenth Affirmative Defense

62. The Complaint fails to meet the criteria and standards for a class action or class certification under applicable law, including the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint, for the costs, fees, expenses and disbursements incurred herein, and for such other and further relief as is just and proper.

Dated: New York, New York
September 11, 2018

CERVINI SWANSON LLP

*[signature]*

Joseph P. Cervini, Jr. (JC 6143)
500 Fifth Avenue, 30th Floor
New York, New York 10110
(646) 880-8947
jcervini@csllplaw.com
*Counsel for Defendant*
*535 Hudson Realty LLC*
